UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORREL EVANS,

                Plaintiff,

-against-

ROCKLAND COUNTY SHERIFF'S DEPT.;
SHERIFF LOUIS FALCO III; SERGEANT
FALCO, RCJ; OFFICER GEORGE BODNER,
RCJ; OFFICER GEORGE BARBEARRA, RCJ;
OFFICER, SERGEANT MIRAKAJ #342 RCJ;
OFFICER, SERGEANT AROK; OFFICER
SERGEANT STOBBE; ROCKLAND COUNTY
JAIL MEDICAL STAFF; OFFICER SPILLMAN,

                Defendants.

14 cv 7379 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

Orrel Evans ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against defendants Rockland County Sheriff's Department; Sheriff Louis Falco III; Sergeant Falco; Officer George Bodner; Officer George Barbearra; Officer, Sergeant Mirakaj #342; Officer, Sergeant Arok; Officer Sergeant Stobbe; Rockland County Jail Medical Staff; and Officer Spillman (collectively, "Defendants") alleging use of excessive force, deliberate indifference to his medical needs, mail tampering, denial of religious services, and cruel and unusual punishment. Plaintiff additionally alleges state tort law claims of assault and medical malpractice. Before the Court is the Defendants' motion to dismiss. Plaintiff has not submitted opposition to the Defendants' motion. For the following reasons, Defendants' motion to dismiss is GRANTED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/2016

## BACKGROUND

The following facts are derived from the § 1983 Complaint filed by Plaintiff. During the period in dispute, Plaintiff was an inmate at Rockland County Correctional Facility ("RCCF"). (Compl., ECF No. 1, at 2.) On March 3, 2014, Plaintiff was in a prison cell and witnessed Officer Lowvine attack an inmate wearing handcuffs. (*Id.* at 3.) Officer Lowvine saw that Plaintiff was watching and began to attack Plaintiff. (*Id.*) Officer Lowvine knocked Plaintiff to the floor with a hard object then called for backup, and several officers began to stomp, kick, punch, and mace Plaintiff. (*Id.*) Plaintiff asserts that he was denied medical treatment after this incident. (*Id.*) Additionally, during his period of confinement until his release on September 19, 2014, Plaintiff was allegedly harassed, denied religious services, and denied access to the mail—specifically, officers took stamps off of his letters and sent them back to him. (*Id.*) Plaintiff also asserts that racial slurs were used against him. (*Id.*)

Plaintiff indicates that he did not file a grievance but that this is "not a grievance issue." (*Id.* at 4.)

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts evaluate a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion for failure to state a claim. *U.S. ex rel. Krol v. Arch Ins. Co.*, 46 F. Supp. 3d 347, 349 (S.D.N.Y. 2014) (citing *Nicholas v. Goord*, 430 F.3d 652, 657 n.8 (2d Cir. 2005). Thus, in considering a motion to dismiss brought pursuant to Rule 12(c), the court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *Hayden v. Paterson,* 594 F.3d 150, 160 (2d Cir. 2010). "To survive a Rule

12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki,* 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). Where a party has moved under Rule 12(c), "[a] complaint will only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Patel v. Searles*, 305 F.3d 130, 135 (2d Cir. 2002) (internal quotations omitted).

The court should read *pro se* complaints "'to raise the strongest arguments that they suggest,'" *Kevilly v. New York,* 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006)). "However, even pro se plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

Where a Plaintiff fails to oppose a motion to dismiss a complaint, automatic dismissal is not merited. In such a situation, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–323 (2d Cir. 2000). On an unopposed motion to dismiss— and thus, also a Rule 12(c) motion—a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* at 322. "If a complaint is sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond [] does not

warrant dismissal." *Accurate Grading Quality Assur., Inc. v. Thorpe,* No. 12 CIV. 1343 ALC, 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013).[1]

## DISCUSSION

### I. Federal Claims

Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

Exhausting all remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Washington v. Chaboty*, No. 09 CIV. 9199 PGG, 2015 WL 1439348, at *6 (S.D.N.Y. Mar. 30, 2015) (quoting *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009)) (internal quotation marks and citations omitted). A plaintiff must invoke all available administrative mechanisms, including appeals, "through the highest level for each claim." *Varela v. Demmon*, 491 F.Supp.2d 442, 447 (S.D.N.Y. 2007); *Veloz v. New York*, 339 F.Supp.2d 505, 514 (S.D.N.Y. 2004). The defendants bear the burden of demonstrating that Plaintiff's claim is not exhausted. *Key v. Toussaint*, 660 F.Supp.2d 518, 523 (S.D.N.Y. 2009). "[A] motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should

---

[1] "In its review, the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it." *Heckman v. Town of Hempstead*, 568 Fed. App'x 41, 43 (2d Cir. 2014). The Court may also consider "facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Id*. This includes court filings. *In re Enron Corp.*, 379 B.R. 425, 431 n. 18 (S.D.N.Y.2007) ("Judicial notice of public records such as court filings, is clearly appropriate.").

4

be granted only if 'nonexhaustion is clear from the face of the complaint.'" *Lopez v. Cipolini,* No. 14-CV-2441 KMK, 2015 WL 5732076, at *4 (S.D.N.Y. Sept. 30, 2015) (citing *Lovick v. Schriro*, No. 12–CV–7419, 2014 WL 3778184, at *4 (S.D.N.Y. July 25, 2014) (alterations and internal quotation marks omitted)). *See also Lee v. O'Harer*, No. 13–CV–1022, 2014 WL 7343997, at *3 (N.D.N.Y. Dec. 23, 2014) ("Dismissal under Rule 12(b)(6) for failure to exhaust is appropriate if such failure is evidenced on the face of the complaint and incorporated documents."); *Sloane v. Mazzuca*, No. 04–CV–8266, 2006 WL 3096031, at *4 (S.D.N.Y. Oct. 31, 2006) ("[B]y characterizing non-exhaustion as an affirmative defense, the Second Circuit suggests that the issue of exhaustion is generally not amenable to resolution by way of a motion to dismiss." (internal quotation marks omitted)).

The PLRA's exhaustion requirement applies to a prisoner who has been released from incarceration subsequent to filing § 1983 complaint relating to prison conditions. *See Collins v. Goord*, 438 F. Supp. 2d 399, 409–10 (S.D.N.Y. 2006). Specifically, if a prisoner is released from prison during an action, yet failed to exhaust administrative remedies where there was "ample opportunity" to exhaust prior to release, his or her action is subject to dismissal. *See Berry v. Kerik,* 366 F.3d 85, 88 (2d Cir. 2003). Dismissal is appropriate for failure to exhaust when a prisoner remained incarcerated for "several months after the onset of the conditions that gave rise to his complaints and prior to his release." *Berry,* 366 F.3d at 88. *See also Gibson v. City Municipality of New York*, 692 F.3d 198, 201 (2d Cir. 2012) (citing *Harris v. City of N.Y.,* 607 F.3d 18, 21–22 (2d Cir. 2010)) ("the relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint'").

In the instant case, Plaintiff claims that his allegations are "not a grievance issue." However, as previously noted, the Supreme Court and the Second Circuit have made clear that the PLRA and its exhaustion requirement apply to *all* inmate suits about prison life. *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Additionally, based on Plaintiff's admission that he did not file a grievance, it is clear from the face of the complaint that Plaintiff failed to exhaust his administrative remedies. (*See* Compl., ECF No. 1, at 4.) Moreover, Plaintiff's release does not excuse his failure to exhaust. With regards to the March 3 incident and alleged failure to provide medical care, Plaintiff had over five months to utilize RCCF's grievance process. As to the remaining issues, Plaintiff's complaint does not specify the dates on which the violations allegedly occurred. However, Plaintiff signed his complaint on August 28, 2014 and was released from incarceration on September 19, 2014. (Compl., ECF No. 1, at 7; *Pro Se* Memorandum Regarding Change of Address, ECF No. 4.) Thus, at the very least, Plaintiff had over three weeks during which he could have filed an administrative grievance. The Court therefore concludes that Plaintiff had "ample opportunity" to exhaust prior to his release, and his failure to exhaust is therefore fatal to his federal claims. *Berry,* 366 F.3d at 88.

## II.   State Claims

Plaintiff additionally asserts certain claims that are grounded in New York State common law—specifically, the assault and medical malpractice claims. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district court may decline to exercise supplemental

6

jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Dilaura v. Power Auth. Of N.Y.*, 982 F.2d 73, 80 (2d Cir. 1992).

This appears to be the usual case. Seeing neither contrary argument from Plaintiff nor any contrary authority that might compel the Court to retain jurisdiction despite the elimination of all federal claims, this Court dismisses all state law claims as against all Defendants, without prejudice to any right Plaintiff may have to renew those claims in state court if timely.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED, and the Plaintiff's complaint is dismissed. The Court respectfully directs the Clerk to terminate the motion at ECF No. 41 and close the case.

Dated: April 29 2016
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge